Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JESSE RUSSELL SIMPSON, pro se,

     Plaintiff,

*Your full name*

v.

A. MCCABE, DAP-C, et al.,

     Defendants.

*Enter above the full name of defendant(s) in this action*

First Amended
**FEDERAL CIVIL RIGHTS**
**COMPLAINT**
(*BIVENS* ACTION)

Civil Action No.: 3:19-CV-217
*(To be assigned by the Clerk of Court)*

**FILED**

JAN 13 2020

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

## I.    JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,** 403 U.S. 388 (1971). The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

    See Attached Page 2-3, Jurisdiction and Venue.

## II.    PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

A.    Name of Plaintiff: JESSE RUSSELL SIMPSON Inmate No.: 70262019
    Address: SPECIAL MAIL - OPEN ONLY IN PRESENCE OF INMATE,
    Loretto FCI, PO Box 1000, Cresson, PA 16630

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

**Attachment A**

B.1    Name of Defendant: A. MCCABE
Position: DAP-C, Chief of Psychology
Place of Employment: Morgantown FCI as of March 26, 2019
Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: McCabe, while acting in her role as Chief of Psychology, refused to provide Plaintiff with adequate mental health treatment while under her care, unrecognized his mental health diagnoses in writing, downgraded his mental health care level from two to one, and wrote him a retaliatory incident report as part of a criminal conspiracy.

B.2    Name of Defendant: C. GOMEZ
Position: Warden
Place of Employment: Morgantown FCI as of March 26, 2019
Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Gomez, while acting under his authority as Warden, headed and orchestrated a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Gomez allowed his SHU placement, SIS investigation, sanctions, and transfer to continue and prevented him from complaining about it.

B.3    Name of Defendant: Wolever
Position: Associate Warden
Place of Employment: Morgantown FCI as of March 26, 2019
Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

**Attachment A**

B.1    Name of Defendant: A. MCCABE
       Position: DAP-C. Chief of Psychology
       Place of Employment: Morgantown FCI as of March 26, 2019
       Address: PO Box 1000, Morgantown, WV 26507

       Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes       ☐ No

       If your answer is "YES," briefly explain: McCabe, while acting in her role as Chief of Psychology, refused to provide Plaintiff with adequate mental health treatment while under her care, unrecognized his mental health diagnoses in writing, downgraded his mental health care level from two to one, and wrote him a retaliatory incident report as part of a criminal conspiracy.

B.2    Name of Defendant: C. GOMEZ
       Position: Warden
       Place of Employment: Morgantown FCI as of March 26, 2019
       Address: PO Box 1000, Morgantown, WV 26507

       Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes       ☐ No

       If your answer is "YES," briefly explain: Gomez, while acting under his authority as Warden, headed and orchestrated a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities.    Gomez allowed his SHU placement, SIS investigation, sanctions, and transfer to continue and prevented him from complaining about it.

B.3    Name of Defendant: Wolever
       Position: Associate Warden
       Place of Employment: Morgantown FCI as of March 26, 2019
       Address: PO Box 1000, Morgantown, WV 26507

       Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes       ☐ No

**Attachment A**

If your answer is "YES," briefly explain: Wolever, while acting under the authority of associate warden, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Wolever allowed his SHU placement, SIS investigation, sanctions, and transfer to continue and refused to do anything about it in his denials.

B.4    Name of Defendant: Tejera
Position: Unit Manager
Place of Employment: Morgantown FCI as of March 26, 2019
Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Tejera, while acting under her authority of unit manager, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Tejera allowed his SHU placement, SIS investigation, sanctions, transfer, and lack of mental health treatment to continue and refused to do anything about it in her denials or refusals to accept grievances.

B.5    Name of Defendant: Layhue
Position: Correctional Counselor
Place of Employment: Morgantown FCI - Now retired
Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Layhue threatened Plaintiff for filing grievances with incident reports. Layhue refused to help him receive adequate mental health treatment ~~even after specifically acknowledg~~ing that Morgantown FCI was not equipped to treat Plaintiff for his issues. Layhue was part of the criminal conspiracy to deprive Plaintiff of his Constitutional rights and continued the retaliation from Danbury FCI.

Attachment A

If your answer is "YES," briefly explain: Wolever, while acting under the authority of associate warden, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Wolever allowed his SHU placement, SIS investigation, sanctions, and transfer to continue and refused to do anything about it in his denials.

B.4    Name of Defendant: Tejera
Position: Unit Manager
Place of Employment: Morgantown FCI as of March 26, 2019
Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Tejera, while acting under her authority of unit manager, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Tejera allowed his SHU placement, SIS investigation, sanctions, transfer, and lack of mental health treatment to continue and refused to do anything about it in her denials or refusals to accept grievances.

B.5    Name of Defendant: Layhue
Position: Correctional Counselor
Place of Employment: Morgantown FCI - Now retired
Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Layhue threatened Plaintiff for filing grievances with incident reports. Layhue refused to help him receive adequate mental health treatment even after specifically acknowledging that Morgantown FCI was not equipped to treat Plaintiff for his issues. Layhue was part of the criminal conspiracy to deprive Plaintiff of his Constitutional rights and continued the retaliation from Danbury FCI.

**Attachment A**

B. 6    Name of Defendant: B. Plavi

Position: Correctional Counselor

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Plavi, while acting under his authority as correctional counselor and UDC chairman, was part of a criminal conspiracy to deprive Plaintiff of his Constitutional rights as retaliation for his First and Eighth Amendment protected activities. Plavi found him guilty of two clearly retaliatory incident reports, issued him sanctions, and allowed his SHU placement, investigation, and transfer,

B. 7    Name of Defendant: Edwards

Position: Correctional Counselor

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Edwards, while acting under his authority as correctional counselor and UDC chairman, was part of a criminal conspiracy to deprive Plaintiff of his Constitutional rights as retaliation for his First and Eighth Amendment protected activities. Edwards found him guilty of two clearly retaliatory incident reports, issued him sanctions, and allowed his SHU placement, investigation, and transfer to continue even after Plaintiff pleaded with him for help.

B. 8    Name of Defendant: BARKASZI

Position: Case Manager

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

**Attachment A**

B.6    Name of Defendant: B. Plavi
Position: Correctional Counselor
Place of Employment: Morgantown FCI as of March 26, 2019
Address: PO Box 1000. Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes         ☐ No

If your answer is "YES," briefly explain: Plavi, while acting under his authority as correctional counselor and UDC chairman, was part of a criminal conspiracy to deprive Plaintiff of his Constitutional rights as retaliation for his First and Eighth Amendment protected activities. Plavi found him guilty of two clearly retaliatory incident reports, issued him sanctions, and allowed his SHU placement, investigation, and transfer.

B.7    Name of Defendant: Edwards
Position: Correctional Counselor
Place of Employment: Morgantown FCI as of March 26. 2019
Address: PO Box 1000. Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes         ☐ No

If your answer is "YES," briefly explain: Edwards, while acting under his authority as correctional counselor and UDC chairman, was part of a criminal conspiracy to deprive Plaintiff of his Constitutional rights as retaliation for his First and Eighth Amendment protected activities. Edwards found him guilty of two clearly retaliatory incident reports, issued him sanctions, and allowed his SHU placement, investigation, and transfer to continue even after Plaintiff pleaded with him for help.

B.8    Name of Defendant: BARKASZI
Position: Case Manager
Place of Employment: Morgantown FCI as of March 26, 2019
Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes         ☐ No

If your answer is "YES," briefly explain: Barkaszi, while acting under her authority of case manager, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Barkaszi allowed his SHU placement, SIS investigation, sanctions, and lack of mental health treatment to continue and was directly responsible for his greater security custody level and transfer.

B. 9 Name of Defendant: E. DODRILL

Position: Case Manager

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Dodrill, while acting under his authority as case manager, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Dodrill wrote Plaintiff a clearly retaliatory incident report and encouraged his SHU placement, SIS investigation, sactions, transfer, and lack of mental health treatment.

B. 10 Name of Defendant: FULLEN

Position: Captain

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Fullen, while acting under his authority as captain, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Fullen authorized Dodrill to retaliate against Plaintiff, placed him in the SHU for an SIS investigation, and allowed his sanctions, transfer, and lack of mental health treatment. Fullen labeled Plaintiff as a "safety and security threat" to remove him from minimum security custody and transfer him.

If your answer is "YES," briefly explain: Barkaszi, while acting under her authority of case manager, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Barkaszi allowed his SHU placement, SIS investigation, sanctions, and lack of mental health treatment to continue and was directly responsible for his greater security custody level and transfer.

B.9  Name of Defendant: E. DODRILL

Position: Case Manager

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Dodrill, while acting under his authority as case manager, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Dodrill wrote Plaintiff a clearly retaliatory incident report and encouraged his SHU placement, SIS investigation, sactions, transfer, and lack of mental health treatment.

B.10  Name of Defendant: FULLEN

Position: Captain

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Fullen, while acting under his authority as captain, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Fullen authorized Dodrill to retaliate against Plaintiff, placed him in the SHU for an SIS investigation, and allowed his sanctions, transfer, and lack of mental health treatment. Fullen labeled Plaintiff as a "safety and security threat" to remove him from minimum security custody and transfer him.

**Attachment A**

B.11 Name of Defendant: DULLA

Position: Correctional Officer

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes          ☐ No

If your answer is "YES," briefly explain: Dulla, while acting under his authority as correctional officer, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Dulla intentionally inflicted emotional distress on Plaintiff by making fun of his religion and he watched Rudy sexually assault him and made jokes about it.

B.12 Name of Defendant: DAVID RUDY

Position: Correctional Counselor

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes          ☐ No

If your answer is "YES," briefly explain: Rudy, acting under his authority as correctional counselor, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Rudy sexually assaulted him because he saw him as an easy target that staff didn't like and refused to assist him with obtaining mental health treatment.

B.13 Name of Defendant: D.K. WILLIAMS

Position: Warden

Place of Employment: Danbury FCI as of November 21, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes          ☐ No

**Attachment A**

B.11   Name of Defendant: DULLA

Position: Correctional Officer

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Dulla, while acting under his authority as correctional officer, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities.  Dulla intentionally inflicted emotional distress on Plaintiff by making fun of his religion and he watched Rudy sexually assault him and made jokes about it.

B.12   Name of Defendant: DAVID RUDY

Position: Correctional Counselor

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Rudy, acting under his authority as correctional counselor, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities.  Rudy sexually assaulted him because he saw him as an easy target that staff didn't like and refused to assist him with obtaining mental health treatment.

B.13   Name of Defendant: D.K. WILLIAMS

Position: Warden

Place of Employment: Danbury FCI as of November 21, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Williams, acting in her capacity as warden, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. Williams signed off on and expedited Plaintiff's transfer which stripped him of significant mental health treatment. She allowed him to be placed in the SHU, allowed his property to be stolen, and refused to do anything about his grievances.

B.14  Name of Defendant: S. MOORE

Position: Unit Manager

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Moore, acting in her capacity as unit manager, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. Moore signed off on Plaintiff's transfer which stripped him of significant mental health treatment. According to Tejera, her and Moore were "personal friends". Moore allowed him to be placed in the SHU and refused to do anything about his grievances.

B.15  Name of Defendant: BREECE

Position: Case Manager

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Breece, acting as case manager, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. Breece signed off on Plaintiff's transfer which striped him of significant mental health treatment. Breece was originally the one who placed a management variable on Plaintiff to allow him to take the RESOLVE Program but removed it after it started to transfer him.

Attachment A

B.16    Name of Defendant: G. HORNKOHL
Position: Correctional Counselor
Place of Employment: Danbury FCI as of September 23, 2018
Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Hornkohl,      acting      as correctional   counselor,   was   part   of   a   criminal   conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment   for   his   First   Amendment   protected   activities. Hornkohl allowed Plaintiff to be transferred, placed in the SHU, and   harassed   and   allowed   his   mental   health   treatment   to   be stripped away.

B.17    Name of Defendant: WHITLEY
Position: Captain
Place of Employment: Danbury FCI as of September 23, 2018
Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Whitley, acting as captain, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment   protected   activities.     Plaintiff   brought   the retaliation he was suffering to Whitley's attention in numerous complaints but he refused to end it or recover his property.  He then placed Plaintiff in the SHU for "Captain's review" and made the majority of his property disappear prior to his transfer.

B.18    Name of Defendant: HAYES
Position: SIS Lieutenant
Place of Employment: Danbury FCI as of September 23, 2018
Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Hayes, acting as SIS lieutenant, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. Hayes placed Plaintiff on a "hot list for selling drugs" after he first began filing complaints and only extended the retaliation against him instead of doing anything to resolve it.

B. 19 Name of Defendant: O'CAIN

Position: Lieutenant

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37. Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: O'Cain, acting as lieutenant and at times acting captain, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. O'Cain did nothing to resolve Plaintiff being placed on a hot list and did nothing to help recover his property. O'Cain allowed and encouraged Plaintiff's harassment by the officers under his authority, even at one point threatening him with SHU placement.

B. 20 Name of Defendant: NORTH

Position: Lieutenant

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: North, acting as lieutenant, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. North directly harassed Plaintiff after he began filing complaints. He also issued the detention order placing him in the SHU prior to his transfer for "Captain's review" and helped the majority of his property disappear from his person and locker.

**Attachment A**

B. 21  Name of Defendant: GUINN

Position: Lieutenant

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☒ Yes       ☐ No

If your answer is "YES," briefly explain: Guinn, acting as lieutenant, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities.   Guinn directly watched and condoned Plaintiff's harassment by Officer Foisey.   She later signed the detention order placing him in the SHU for "Captain's review" prior to his transfer.

B. 22  Name of Defendant: FOISEY

Position: Correctional Officer

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☒ Yes       ☐ No

If your answer is "YES," briefly explain: Foisey, acting as officer, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities.   Foisey refused to pay Plaintiff because of his LGBT status and fired him after he wrote a complaint against her.   She searched his locker and intentionally allowed his property to be stolen as part of the retaliation for filing grievances and being gay.

B. 23  Name of Defendant: SANTIAGO

Position: Correctional Officer

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☒ Yes       ☐ No

If your answer is "YES," briefly explain: Santiago, acting as officer, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. Santiago harassed Plaintiff, searched his locker, and allowed his property to be stolen as part of the retaliation for filing grievances and being gay. He also threatened Plaintiff with SHU placement.

B. 24   Name of Defendant: MAYS

Position: Recreation Specialist

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Mays, acting as recreation specialist, initiated the criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for being gay. Mays first made up malicious rumors about Plaintiff and used them to ban him from the music program. He then ~~orchestrated a retali~~ation scheme against Plaintiff for filing a grievance about it which eventually resulted in his transfer and deprivation of mental health treatment.

B. 25   Name of Defendant: JOHN B. FOX

Position: Warden

Place of Employment: Oklahoma City FTC as of November 8, 2018

Address: 7410 South Macarthur Boulevard
Oklahoma City, OK 73169

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Fox, acting as warden, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. He refused to remedy the retaliation by Danbury FCI and Plaintiff's need for mental health treatment in writing via multiple emails. He also refused to recognize Plaintiff's need for additional monitoring due to his mental health diagnoses which led to his sexual assault by another inmate.

B.26 Name of Defendant: UNKNOWN WARDEN OF OKLAHOMA CITY FTC

Position: Warden

Place of Employment: Oklahoma City FTC as of March 31, 2019

Address: 7410 South Macarthur Boulevard

Oklahoma City, OK 73169

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: This unidentified federal employee, acting as warden, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. He allowed and authorized Plaintiff to be placed in the SHU for "Captain's review" to continue the Morgantown SIS investigation against him regarding his religious beliefs.

B.27 Name of Defendant: UNKNOWN CAPTAIN OF OKLAHOMA CITY FTC

Position: Captain

Place of Employment: Oklahoma City FTC as of March 31, 2019

Address: 7410 South Macarthur Boulevard

Oklahoma City, OK 73169

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: This unidentified federal employee, acting as captain, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. He ordered Plaintiff to be placed in the SHU for "Captain's review" to continue the Morgantown SIS investigation against him regarding his religious beliefs.

**Attachment A**

B. 28   Name of Defendant: ___Jeremy Lyon___
Position: ___Acting Unit Manager___
Place of Employment: ___Oklahoma City FTC as of March 28, 2019___
Address: ___7410 South Macarthur Boulevard___
___Oklahoma City, OK 73169___

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☒ Yes          ☐ No

If your answer is "YES," briefly explain: ___Lyon was acting as the___
___Acting Unit Manager during his involvement. Lyon abused his___
___authority by conspiring with staff to place Plaintiff in the___
___Special Housing Unit after his interaction with him as___
___retaliation  Lyon extended Plaintiff's SIS investigation from___
___Morgantown FCI___

## III.   PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: ___Loretto Federal Correctional Institution___

A.   Is this where the events concerning your complaint took place?
     ☐ Yes     ☒ No

If you answered "NO," where did the events occur?
___Morgantown FCI, Danbury FCI, Oklahoma City FTC___

B.   Is there a prisoner grievance procedure in the institution where the events occurred?   ☒ Yes     ☐ No

C.   Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure?
     ☒ Yes     ☐ No

D.   If your answer is "NO," explain why not: _____
     _____
     _____
     _____

E.   If your answer is "YES," identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed

**Attachment A**

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:**

LEVEL 1 _____ All denied or rendered unavailable.

LEVEL 2 _____ All denied or rendered unavailable

LEVEL 3 _____ All denied or rendered unavailable

See Page 1, Exhaustion of Remedies.

IV. PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action? ☒ Yes ☐ No

B. If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1. Parties to this previous lawsuit:

   Petitioner: JESSE RUSSELL SIMPSON

   Respondent: Warden C GOMEZ

2. Court: Northern District of West Virginia
   *(If federal court, name the district; if state court, name the county)*

3. Case Number: 1:19cv68

4. Basic Claim Made/Issues Raised: Petition for Writ of Habeas Corpus regarding conditions of imprisonment

5. Name of Judge(s) to whom case was assigned:
   Judge Kleeh

6. Disposition: Dismissed/pending
   *(For example, was the case dismissed? Appealed? Pending?)*

7. Approximate date of filing lawsuit: March 29, 2019

**Attachment A**

8.    Approximate date of disposition. Attach Copies: Pending

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?

☒ Yes        ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought.

All denied or rendered unavailable

See Page 1, Exhaustion of Remedies

E.    Did you exhaust available administrative remedies?

☒ Yes        ☐ No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted.

All denied or rendered unavailable.

See Page 1, Exhaustion of Remedies.

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.    Parties to previous lawsuit:   None.

IV.   PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?          ☒ Yes          ☐ No

B.   If your answer is "YES", describe each lawsuit in the space below.  If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Plaintiff:   JESSE RUSSELL SIMPSON

Defendants:   Federal Bureau of Prisons, et al.

2.   Court:   District of Columbia
     *(If federal court, name the district; if state court, name the county)*

3.   Case Number:   1:19cv3173

4.   Basic Claim Made/Issues Raised:   BOP staff has withheld and denied Plaintiff religious accommodations.   Defendants also confiscated some of his religious items.   The ~~specific overlap occurs with respect to Case Manager's~~ Dodrill's incident report and the items confiscated.

5.   Name of Judge(s) to whom case was assigned:

6.   Disposition:   Pending
     *(For example, was the case dismissed?  Appealed?  Pending?)*

7.   Approximate date of filing  lawsuit:   October 21, 2019

8.   Approximate date of disposition. Attach Copies:   Pending

**Attachment A**

Plaintiff(s): _____

Defendant(s): _____

2.    Name and location of court and case number:

_____

_____

_____

3.    Grounds for dismissal:    ☐ frivolous    ☐ malicious
      ☐ failure to state a claim upon which relief may be granted

4.    Approximate date of filing lawsuit: _____

5.    Approximate date of disposition: _____

## V.    STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the facts of your case. Describe what each defendant did to violate your constitutional rights. **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES. NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)***

CLAIM 1: Federal Bureau of Prisons staff retaliated against Plaintiff for First and Eighth Amendment protected activities.

_____

_____

_____

Supporting Facts: See Supplemental Pages to Motion, Page 1-22, Ground 1.

**Attachment A**

CLAIM 2: Federal Bureau of Prisons staff violated Plaintiff's rights to due process.

Supporting Facts: See Supplemental Pages of Motion, Page 23-24, Ground 2.

CLAIM 3: Federal Bureau of Prisons staff subjected Plaintiff to cruel and unusual punishment.

Supporting Facts: See Supplemental Pages of Motion, Page 25-34, Ground 3.

CLAIM 4: Federal Bureau of Prisons staff violated Plaintiff's rights to equal protection of the law.

Supporting Facts: See Supplemental Pages of Motion, Page 35, Ground 4.

**Attachment A**

CLAIM 5: Federal Bureau of Prisons staff violated Plaintiff's Fourth Amendment rights by searching his person and living quarters unreasonably and inappropriately seizing his property.

Supporting Facts: See Claims 1 through 3 regarding searches and harassment.

## VI. INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

Plaintiff was denied adequate mental health treatment for over a year. Plaintiff was retaliated against for First and Eighth Amendment protected activities, including Special Housing Unit placement and incident reports, etc. Defendants intentionally inflicted psychological injury on Plaintiff as a result of his complaint filing and religious beliefs. Defendants subjected Plaintiff to cruel and unusual punishment

## VII. RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

See attached Page 4-5, Relief Requested.

<b>Attachment A</b>

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ___Loretto  FCl___ on ___January 3, 2019___ .
               (Location)                         (Date)

_____
Your Signature

## EXHAUSTION OF REMEDIES

Plaintiff has exhausted all available administrative remedies regarding these claims.   Administrative remedy for the majority of these claims was rendered unavailable by staff.   Many of the requests were rejected in violation of the Administrative Remedy Program Statement.   Staff refuse to follow their own procedures which resulted in the blockage of access to administratively appeal the institutional denials, at no fault to Plaintiff. Staff at Morgantown FCI went so far as to even issue a memo stating Plaintiff was no longer allowed have more than one pending Request for Administrative Remedy at a time when it took them over a month to respond to a single complaint.   Oklahoma City FTC refused to process administrative remedy forms the first time Plaintiff was there and he was never given responses or the ability to appeal their effective denials.   Plaintiff submitted multiple complaints regarding staff not following the Administrative Remedy procedures to document these issues.   Most recently, Loretto FCI granted one of these requests where Plaintiff asserted the Northeast Regional Office and Central Office were using the Administrative Remedy Program rejection process in bad faith to render the program unavailable to him.   Local procedures were implemented to document that it takes over 10 days for rejection notices to arrive at mail call when the regional office only gives inmates 10 days to return them (including mail time).   Although staff acknowledged that many of Plaintiff's requests were blocked in this manner, staff refuse to authorize an "extension" be granted allowing the complaints to continue.

Plaintiff has undeniably exhausted any available administrative remedies.

JURISDICTION AND VENUE

Defendants engaged in an ongoing pattern of unconstitutional behavior that stretch their involvements between Danbury, CT, Morgantown, WV, Oklahoma City, OK, Waymart, PA, Loretto, PA, Philadelphia, PA, Annapolis Junction, MD, and Washington, DC.   Their actions were carefully orchestrated and involved paperwork and emails that traveled back and forth between these locations. The retaliation discussed in this civil action all begin from complaints filed about Danbury FCI.  The vast majority of the Administrative Remedies submitted at Morgantown FCI were in regards to the unconstitutional behavior of Danbury FCI.  Upon Plaintiff's arrival to Morgantown FCI, Counselor Layhue stated that he never saw a transfer happen as fast as Plaintiff's in his entire career in the BOP.  He then stated, "They must have made a call."  Furthermore, Unit Manager Tejera stated to Plaintiff that she was "personal friends" with Unit Manager Moore from Danbury FCI so at the very least she had a motivation to continue the retaliation against Plaintiff.

Furthermore, a common denominator in all of these issues is the disregard for Plaintiff's mental health diagnoses and the withholding of mental health treatment as a retaliation tool against Plaintiff.  Many of the complaints Plaintiff filed at Morgantown requested that he be transferred back to Danbury FCI so that he could continue his mental health treatment.  Danbury FCI was a mental health treatment facility.  Morgantown FCI has lacking mental health treatment available and Loretto FCI has even less.  Arguably the most important issue in this case is mental health care and treatment and Defendants in this case picked Plaintiff's care away from him piece by piece as retaliation for requesting more care and fair treatment.  Danbury FCI staff downgraded Plaintiff's mental health care level from 3 to 2.  Chief of Psychology McCabe picked up where they left off and downgraded it again to

2

only 1. allowing him to be placed at a facility with even fewer psychology resources.

Clearly, Morgantown FCI staff's actions were closely related to and in furtherance of the unconstitutional acts started by Danbury FCI staff. Additionally, Oklahoma City FTC was used as an instrument to continue retaliation against and psychological disregard for Plaintiff. Based on their immediate actions against Plaintiff, it seems clear that they were intrinsically part of other Defendants' conspiracy. Additionally, Oklahoma City FTC likely used Morgantown Defendants' retaliatory investigation as justification for his subsequent Oklahoma City investigation. The discovery process will more than likely prove this to be the case.

Because Defendants to this case reside in multiple states and the events occurred throughout multiple districts, the Court in the district where a substantial portion of the events occurred has proper jurisdiction. As such, the Northern District of West Virginia is the proper venue. Defendants knew or should have known that by transferring Plaintiff and involving other Defendants in their conspiracy against Plaintiff    they could be held accountable for their actions in a district other than which they reside. As such, subjecting all Defendants to this Court's jurisdiction would not impose any due process issues.

3

RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgement stating that:

1. Defendants intentionally and maliciously retaliated against Plaintiff and knowingly and willfully allowed him to face adverse actions because of his Constitutionally protected behavior.

2. Defendants at Oklahoma City FTC knowingly and willfully disregarded a risk of impending harm to Plaintiff's health and safety by failing to screen inmates for their sexual victimization and sexual abuse risk factors as mandated by the Prison Rape Elimination Act in the interest of expediting intake.

3. Defendants at Morgantown FCI knowingly and willfully disregarded a risk of impending harm to Plaintiff's health and safety by failing to remove Officer David Rudy from contact with inmates after being notified by multiple inmates, to include Plaintiff, of his sexually abusive behavior.

4. Defendants at Morgantown FCI used Officer David Rudy's sexual assaults as a punishment tool against Plaintiff for his Constitutionally protected activities.

5. Defendants at Morgantown FCI wrote Plaintiff two incident reports as retaliation for his Constitutionally protected activities.

6. Defendants were deliberately indifferent to Plaintiff's suffering and Consitutionally protected rights during their care.

B. Issue an injunction ordering Defendants and their agents to:

1. Remove Officer David Rudy from a position that has contact with inmates to prevent him from sexually assaulting Special Housing Unit inmates.

2. Implement a no contact order between Plaintiff and Officers David Rudy and Dulla.

4

3. Expunge the two retaliatory incident reports written against Plaintiff while at Morgantown FCI.

4. Disclose the identity of the inmate who sexually assaulted Plaintiff.

5. Stop harassing, intimidating, retaliating against, and targeting Plaintiff for his Constitutionally protected activities, including but not limited to Special Housing Unit placements or other unrequested housing changes, unrequested work detail reassignments, frivolous incident reports, unrequested transfers to different facilities, or any other form of retaliation.

C. Award compensatory damages of $1,000,000 jointly and severally against Defendants for deliberate indifference to the Constitutional rights of Plaintiff.

D. Award punitive damages in the amount of $1,000,000 jointly and severally against Defendants.

E. Award nominal damages in the amount of $1,000,000 jointly and severally against Defendants.

F. Grant such other relief as it may appear that Plaintiff is entitled.

5