Attachment A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JESSE RUSSELL SIMPSON, pro se,

     Plaintiff,

*Your full name*

v.

A. MCCABE, DAP-C, et al.,

     Defendants.

*Enter above the full name of defendant(s) in this action*

Third Amended
**FEDERAL CIVIL RIGHTS
COMPLAINT
(*BIVENS* ACTION)**

Civil Action No.: 3:19-CV-217
*(To be assigned by the Clerk of Court)*

## I.   JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)**. The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

See Attached Pages 1-2, Jurisdiction and Venue.

## II.   PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

    A.    Name of Plaintiff: JESSE RUSSELL SIMPSON  Inmate No.: 70262019
         Address: SPECIAL MAIL - OPEN ONLY IN PRESENCE OF INMATE,
         Loretto FCI, PO Box 1000, Cresson, PA 16630

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

**Attachment A**

B.1    Name of Defendant: A. MCCABE
Position: DAP-C, Chief of Psychology
Place of Employment: Morgantown FCI as of March 26, 2019
Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: McCabe, while acting in her role as Chief of Psychology, refused to provide Plaintiff with adequate mental health treatment while under her care, unrecognized his mental health diagnoses in writing, downgraded his mental health care level from two to one, and wrote him a retaliatory incident report as part of a criminal conspiracy.

B.2    Name of Defendant: C. GOMEZ
Position: Warden
Place of Employment: Morgantown FCI as of March 26, 2019
Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Gomez, while acting under his authority as Warden, headed and orchestrated a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Gomez allowed Plaintiff's SHU placement, SIS investigation, sanctions, and transfer to continue and prevented him from complaining about these actions.

B.3    Name of Defendant: Wolever
Position: Associate Warden
Place of Employment: Morgantown FCI as of March 26, 2019
Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

**Attachment A**

If your answer is "YES," briefly explain: Wolever, while acting under the authority of associate warden, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Wolever allowed Plaintiff's SHU placement, SIS investigation, sanctions, and transfer to continue and refused to do anything about these actions in his denials.

B.4    Name of Defendant: Tejera
Position: Unit Manager
Place of Employment: Morgantown FCI as of March 26, 2019
Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Tejera, while acting under her authority of unit manager, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Tejera allowed Plaintiff's SHU placement, SIS investigation, sanctions, transfer, and lack of mental health treatment to continue and refused to do anything about these actions in her denials or refusals to accept grievances.

B.5    Name of Defendant: Layhue
Position: Correctional Counselor
Place of Employment: Morgantown FCI - Now retired
Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Layhue threatened Plaintiff for filing grievances with incident reports. Layhue refused to help him receive adequate mental health treatment even after specifically acknowledging that Morgantown FCI was not equipped to treat Plaintiff for his issues. Layhue was part of the criminal conspiracy to deprive Plaintiff of his Constitutional rights and continued the retaliation from Danbury FCI.

Attachment A

B. 6    Name of Defendant: B. Plavi

Position: Correctional Counselor

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000. Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes    ☐ No

If your answer is "YES," briefly explain: Plavi, while acting under his authority as correctional counselor and UDC chairman, was part of a criminal conspiracy to deprive Plaintiff of his Constitutional rights as retaliation for his First and Eighth Amendment protected activities. Plavi found Plaintiff guilty of two clearly retaliatory incident reports, issued him sanctions, and allowed his SHU placement, investigation, and transfer,

B. 7    Name of Defendant: Edwards

Position: Correctional Counselor

Place of Employment: Morgantown FCI as of March 26. 2019

Address: PO Box 1000. Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes    ☐ No

If your answer is "YES," briefly explain: Edwards, while acting under his authority as correctional counselor and UDC chairman, was part of a criminal conspiracy to deprive Plaintiff of his Constitutional rights as retaliation for his First and Eighth Amendment protected activities. Edwards found Plaintiff guilty of two clearly retaliatory incident reports, issued him sanctions, and allowed his SHU placement, investigation. and transfer to continue even after Plaintiff pleaded with him for help.

B. 8    Name of Defendant: BARKASZI

Position: Case Manager

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes    ☐ No

If your answer is "YES," briefly explain: Barkaszi, while acting under her authority of case manager, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Barkaszi allowed Plaintiff's SHU placement, SIS investigation, sanctions, and lack of mental health treatment to continue and was directly responsible for his greater security custody level and transfer.

B. 9  Name of Defendant: E. DODRILL

Position: Case Manager

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Dodrill, while acting under his authority as case manager, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Dodrill wrote Plaintiff a clearly retaliatory incident report and encouraged his SHU placement, SIS investigation, sactions, transfer, and lack of mental health treatment.

B. 10  Name of Defendant: FULLEN

Position: Captain

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Fullen, while acting under his authority as captain, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Fullen authorized Dodrill to retaliate against Plaintiff, placed him in the SHU for an SIS investigation, and allowed his sanctions, transfer, and lack of mental health treatment. Fullen labeled Plaintiff as a "safety and security threat" to remove him from minimum security custody and transfer him.

B.11  Name of Defendant: DULLA

Position: Correctional Officer

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Dulla, while acting under his authority as correctional officer, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Dulla intentionally inflicted emotional distress on Plaintiff by making fun of his religion and he watched Rudy sexually assault him and made jokes about it.

B.12  Name of Defendant: DAVID RUDY

Position: Correctional Counselor

Place of Employment: Morgantown FCI as of March 26, 2019

Address: PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Rudy, acting under his authority as correctional counselor, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities. Rudy sexually assaulted Plaintiff because he saw him as an easy target that staff didn't like and refused to assist him with obtaining mental health treatment.

B.13  Name of Defendant: D.K. WILLIAMS

Position: Warden

Place of Employment: Danbury FCI as of November 21, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Williams, acting in her capacity as warden, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. Williams signed off on and expedited Plaintiff's transfer which stripped him of significant mental health treatment. Williams allowed Plaintiff to be placed in the SHU, allowed his property to be stolen, and refused to do anything about his grievances.

B.14 Name of Defendant: S. MOORE

Position: Unit Manager

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Moore, acting in her capacity as unit manager, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. Moore signed off on Plaintiff's transfer which stripped him of significant mental health treatment. According to Tejera, she and Moore were "personal friends". Moore allowed Plaintiff to be placed in the SHU and refused to do anything about his grievances.

B.15 Name of Defendant: BREECE

Position: Case Manager

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Breece, acting as case manager, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. Breece signed off on Plaintiff's transfer which striped him of significant mental health treatment. Breece was originally the one who placed a management variable on Plaintiff to allow him to take the RESOLVE Program but removed it                to transfer him.

B.16 Name of Defendant: G. HORNKOHL

Position: Correctional Counselor

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?     ☒ Yes          ☐ No

If your answer is "YES," briefly explain: Hornkohl, acting as correctional counselor, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. Hornkohl allowed Plaintiff to be transferred, placed in the SHU, and harassed and allowed his mental health treatment to be stripped away.

B.17 Name of Defendant: WHITLEY

Position: Captain

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?     ☒ Yes          ☐ No

If your answer is "YES," briefly explain: Whitley, acting as captain, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. Plaintiff brought the retaliation he was suffering to Whitley's attention in numerous complaints but he refused to end it or recover his property. Whitley then placed Plaintiff in the SHU for "Captain's review" and made the majority of his property disappear prior to his transfer.

B.18 Name of Defendant: HAYES

Position: SIS Lieutenant

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?     ☒ Yes          ☐ No

If your answer is "YES," briefly explain: Hayes, acting as SIS lieutenant, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. Hayes placed Plaintiff on a "hot list for selling drugs" after he first began filing complaints and only extended the retaliation against him instead of doing anything to resolve it.

B. 19  Name of Defendant: O'CAIN

Position: Lieutenant

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37. Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes    ☐ No

If your answer is "YES," briefly explain: O'Cain, acting as lieutenant and at times acting captain, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. O'Cain did nothing to resolve Plaintiff being placed on a hot list and did nothing to help recover his property. O'Cain allowed and encouraged Plaintiff's harassment by the officers under his authority, even at one point threatening him with SHU placement.

B. 20  Name of Defendant: NORTH

Position: Lieutenant

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes    ☐ No

If your answer is "YES," briefly explain: North, acting as lieutenant, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. North directly harassed Plaintiff after he began filing complaints. North also issued the detention order placing Plaintiff in the SHU prior to his transfer for "Captain's review" and helped the majority of his property disappear from his person and locker.

B. 21  Name of Defendant: GUINN

Position: Lieutenant

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Guinn, acting as lieutenant, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities.   Guinn directly watched and condoned Plaintiff's harassment by Officer Foisey.   She later signed the detention order placing him in the SHU for "Captain's review" prior to his transfer.

B.22  Name of Defendant: FOISEY

Position: Correctional Officer

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Foisey, acting as officer, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities.  Foisey refused to pay Plaintiff because of his LGBT status and fired him after he wrote a complaint against her.    She searched his locker and intentionally allowed his property to be stolen as part of the retaliation for filing grievances and being gay.

B. 23  Name of Defendant: SANTIAGO

Position: Correctional Officer

Place of Employment: Danbury FCI as of September 23, 2018

Address: Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: Santiago, acting as officer, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities.  Santiago harassed Plaintiff, searched his locker, and allowed his property to be stolen as part of the retaliation for filing grievances and being gay. Santiago also threatened Plaintiff with SHU placement.

B. 24  Name of Defendant:  MAYS

Position:  Recreation Specialist

Place of Employment: Danbury FCI as of September 23, 2018

Address:  Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?      ☒ Yes           ☐ No

If your answer is "YES," briefly explain: Mays, acting as recreation specialist, initiated the criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for being gay.  Mays first made up malicious rumors about Plaintiff and used them to ban him from the music program. Mays then orchestrated a retaliation scheme against Plaintiff for filing a grievance about these actions which eventually resulted in his transfer and deprivation of mental health treatment.

B. 25  Name of Defendant:  JOHN B. FOX

Position:  Warden

Place of Employment: Oklahoma City FTC as of November 8, 2018

Address: 7410 South Macarthur Boulevard
Oklahoma City, OK 73169

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?      ☒ Yes           ☐ No

If your answer is "YES," briefly explain: Fox, acting as warden, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities.  Fox refused to remedy the retaliation by Danbury FCI and Plaintiff's need for mental health treatment in writing via multiple emails.  Fox also refused to recognize Plaintiff's need for additional monitoring due to his mental health diagnoses which led to his sexual assault by another inmate.

B.26  Name of Defendant: UNKNOWN WARDEN OF OKLAHOMA CITY FTC
Position: Warden
Place of Employment: Oklahoma City FTC as of March 31, 2019
Address: 7410 South Macarthur Boulevard
Oklahoma City, OK 73169

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: This unidentified federal employee, acting as warden, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. He allowed and authorized Plaintiff to be placed in the SHU for "Captain's review" to continue the Morgantown SIS investigation against him regarding his religious beliefs.

B.27  Name of Defendant: UNKNOWN CAPTAIN OF OKLAHOMA CITY FTC
Position: Captain
Place of Employment: Oklahoma City FTC as of March 31, 2019
Address: 7410 South Macarthur Boulevard
Oklahoma City, OK 73169

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?    ☒ Yes        ☐ No

If your answer is "YES," briefly explain: This unidentified federal employee, acting as captain, was part of a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First Amendment protected activities. He ordered Plaintiff to be placed in the SHU for "Captain's review" to continue the Morgantown SIS investigation against him regarding his religious beliefs.

B.28    Name of Defendant:  Rebecca Stacy

Position:  Psychologist

Place of Employment:  Danbury FCI as of September 25, 2018

Address:  Route 37, Danbury, CT 06811

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?  YES

Briefly explain:  Stacy was acting as a psycholgist for Danbury FCI during her involvement.  Stacy abused her authority by conspiring with staff to retaliate against Plaintiff by stating that Plaintiff filed "hundreds of administrative remedies" at Danbury FCI on his Mental Health Transfer Summary.

B.29    Name of Defendant:  Cruz

Position:  Correctional Officer

Place of Employment:  Morgantown FCI as of March 27, 2019

Address:  PO Box 1000, Morgantown, WV 26507

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?  YES

Briefly explain:  Cruz, while acting under his authority as a correctional officer, participated in a criminal conspiracy against Plaintiff to deprive him of his Constitutional rights as punishment for his First and Eighth Amendment protected activities.  Cruz strip searched Plaintiff in front of another inmate on March 27, 2019, because of his complaint filing history.

**Attachment A**

B.**30** Name of Defendant: _Jeremy Lyon_
Position: _Acting Unit Manager_
Place of Employment: _Oklahoma City FTC as of March 28, 2019_
Address: _7410 South Macarthur Boulevard_
_Oklahoma City, OK 73169_

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?      ☒ Yes          ☐ No

If your answer is "YES," briefly explain: _Lyon was acting as the Acting Unit Manager during his involvement. Lyon abused his authority by conspiring with staff to place Plaintiff in the Special Housing Unit after his interaction with him as retaliation. Lyon extended Plaintiff's SIS investigation from Morgantown FCI_

## III.   PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: _Loretto Federal Correctional Institution_

A.   Is this where the events concerning your complaint took place?
    ☐ Yes      ☒ No

If you answered "NO," where did the events occur?
_Morgantown FCI, Danbury FCI, Oklahoma City FTC_

B.   Is there a prisoner grievance procedure in the institution where the events occurred?      ☒ Yes          ☐ No

C.   Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure?
    ☒ Yes      ☐ No

D.   If your answer is "NO," explain why not: _N/A_

E.   If your answer is "YES," identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed

**Attachment A**

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:**

LEVEL 1 _____ All denied or rendered unavailable.

LEVEL 2 _____ All denied or rendered unavailable

LEVEL 3 _____ All denied or rendered unavailable

See Pages 34, Exhaustion of Remedies.

## IV.   PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?        ☒ Yes        ☐ No

B.   If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on  a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Petitioner:  JESSE RUSSELL SIMPSON

Respondent:  Warden C  GOMEZ

2.   Court: Northern District of West Virginia
     *(If federal court, name the district; if state court, name the county)*

3.   Case Number: 1:19cv68

4.   Basic Claim Made/Issues Raised: Petition    for    Writ    of Habeas Corpus regarding conditions of imprisonment

5.   Name of Judge(s) to whom case was assigned:
     Judge Kleeh

6.   Disposition: _____  pending
     *(For example, was the case dismissed?  Appealed?  Pending?)*

7.   Approximate date of filing  lawsuit: March 29, 2019

8.    Approximate date of disposition. Attach Copies:___Pending_____

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?

        ☒ Yes      ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought.

All denied or rendered unavailable. See pages 3-4, Exhaustion of Remedies.

E.    Did you exhaust available administrative remedies?

        ☒ Yes      ☐ No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted.

All denied or rendered unavailable. See pages 3-4, Exhaustion of Remedies.

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.    Parties to previous lawsuit: N/A

IV.   PREVIOUS LAWSUITS

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?        ☒ Yes        ☐ No

B.   If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on  a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Plaintiff:   JESSE RUSSELL SIMPSON

Defendants:  Federal Bureau of Prisons, et al.

2.   Court:   District of Columbia
     (If federal court, name the district; if state court, name the county)

3.   Case Number:   1:19cv3173

4.   Basic Claim Made/Issues Raised:  BOP staff has withheld and denied Plaintiff religious accommodations.    Defendants also confiscated some of his religious items.    The specific overlap occurs with respect to Case Manager's Dodrill's incident report and the items confiscated.

5.   Name of Judge(s) to whom case was assigned:
     Carl J. Nichols

6.   Disposition:   Pending
     (For example, was the case dismissed? Appealed? Pending?)

7.   Approximate date of filing  lawsuit:   October 21, 2019

8.   Approximate date of disposition. Attach Copies:  Pending

17

IV.    PREVIOUS LAWSUITS

1.    Parties to this previous lawsuit:

Plaintiff:    JESSE RUSSELL SIMPSON

Defendants:    P. HORNING, et al.

2.    Court:    Western District of Pennsylvania

3.    Case Number:    19-78 Johnstown

4.    Basic Claim Made/Issues Raised:    Loretto FCI is withholding from Plaintiff access to the Dining Hall.    This lawsuit deals with Plaintiff's mental health disability and Defendants' rationale for denying him access to eat revolves around McCabe's retaliatiory psychology records, based on their December 20, 2019, Response.

5.    Name of Judge(s) to whom case was assigned:

Stephanie L. Haines and Cynthia R. Eddy

6.    Disposition:    Pending

7.    Approximate date of filing lawsuit:    May of 2019

8.    Approximate date of disposition:    Pending

Attachment A

Plaintiff(s):  N/A

Defendant(s):  N/A

2.    Name and location of court and case number:
     N/A

3.    Grounds for dismissal:    ☐ frivolous    ☐ malicious
     ☐ failure to state a claim upon which relief may be granted
     N/A

4.    Approximate date of filing lawsuit:  N/A

5.    Approximate date of disposition:  N/A

V.    STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the facts of your case.  Describe what each defendant did to violate your constitutional rights.  **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES.  NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)***

CLAIM 1: Defendants retaliated against Plaintiff for First and Eighth Amendment protected activities.

Supporting Facts:  See attached pages 5-15, Ground 1.

Attachment A

CLAIM 2: Defendants violated Plaintiff's rights to due process.

Supporting Facts: See attached page 16, Ground 2.

CLAIM 3: Defendants subjected Plaintiff to cruel and unusual punishment.

Supporting Facts: See attached pages 17-18, Ground 3.

CLAIM 4: Defendants subjected Plaintiff to unreasonable searches and seizures.

Supporting Facts: See Ground 1, (2), (4), (5), (18), (19), (23), and (25).

Claim 5:

Defendants violated the Religious Freedom Restoration Act ("RFRA") by placing Plaintiff in the Special Housing Unit, transferring him, and writing him an incident report for, at least in part, practicing his religion. These actions substantially burdened his religious beliefs. They used his religion as a retaliation tool against Plaintiff.

Supporting Facts: Through the Response in Case Number 1:19cv3173, the Federal Bureau of Prisons admitted pursuant to Rule 8(b)(6) that Plaintiff was placed in the Special Housing Units and investigated at Morgantown FCI and Oklahoma City FTC because of his religious beliefs. That lawsuit was about religious accommodations not being provided, but the records submitted in Defendants' Response indicate that Defendants in this case actually used his religion as justification to retaliate against him. Because of this, there is some unanticipated overlap between some of the facts in these cases and some of the Defendants are in both, but for different reasons (denial of religious accommodations vs. retaliation). See Ground 1, (18), (19), (21), (24), (26), and (27).

**Attachment A**

CLAIM 6: Defendants violated Plaintiff's rights to equal protection of the law by depriving him of programs, activities, and job assignments, among other things because of LGBT status, class of frequent complainer, mental health disabilities, and religious beliefs.

Supporting Facts: See all previous Claims.

## VI. INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

Plaintiff was denied adequate mental health treatment for over a year. Plaintiff was retaliated against for First and Eighth Amendment protected activities, including Special Housing Unit placement and incident reports, etc. Defendants intentionally inflicted psychological injury on Plaintiff as a result of his complaint filing and religious beliefs. Defendants subjected Plaintiff to cruel and unusual punishment.

## VII. RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

See attached pages 19-20, Relief Requested.

Attachment A

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ___Loretto  FCI___ on ___2/4/2020___.
                (Location)                   (Date)

_____
Your Signature