IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JESSE RUSSELL SIMPSON,**

        Plaintiff,

v.                                CIVIL ACTION NO.: 3:19-CV-217
                                        (GROH)

**A. McCABE, DAP-C Chief of Psychology,
C. GOMEZ, Warden, WOLEVER, Associate Warden,
TEJERA, Unit Manager, LAYHUE, Correctional Counselor,
B. PLAVI, Correctional Counselor, EDWARDS,
Correctional Counselor, BARKASZI, Case Manager,
E. DODRILL, Case Manager, FULLEN, Captain,
DULLA, Correctional Officer, DAVID RUDY,
Correctional Counselor, D. K. WILLIAMS, Warden,
S. MOORE, Unit Manager, BREECE, Case Manager,
G. HORNKOHL, Correctional Counselor,
WHITLEY, Captain, WARDEN HAYES, SIS Lieutenant,
O'CAIN, Lieutenant, NORTH, Lieutenant,
GUINN, Lieutenant, FOISEY, Correctional Officer,
SANTIAGO, Correctional Officer, MAYS,
Recreation Specialist, JOHN B. FOX, Warden (OK FTC),
UNKNOWN WARDEN OF OKLAHOMA CITY FTC,
UNKNOWN CAPTAIN OF OKLAHOMA CITY FTC,
JEREMY LYON, Acting Unit Manager,
REBECCA STACY, Psychologist,
CRUZ, Correctional Officer,**

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to the Local Rules, this civil action was referred to Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued an R&R [ECF No. 102] on June 2, 2021. In the R&R, Judge Trumble recommends that the Plaintiff's third

amended complaint be dismissed as to all Defendants except Defendant Rudy. Both Plaintiff and the Defendants filed objections to the R&R. ECF Nos. 104 & 107. Accordingly, this matter is now ripe for adjudication.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-

recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Plaintiff being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by the *pro se* Plaintiff on June 5, 2021. ECF No. 103. He timely filed his objections on June 21, 2021. See ECF No. 105. Defendants filed objections on June 16, 2021.

The Plaintiff's lengthy, winding objections are without merit. Many of the objections spanning eighteen pages are exactly the type of generalized, conclusory objections courts are free to ignore. See Green, 644 F. Supp. 2d at 730. For example, in his first

3

objection, the "Plaintiff objects to the Report and Recommendation in general because Magistrate Judge Robert W. Trumble is biased against Plaintiff . . . ."  ECF No. 107 at 1.  Although such an objection requires no response from the Court, the Undersigned notes that a thorough review of the record and Magistrate Judge Trumble's handling of this matter demonstrates no bias toward the Plaintiff. The remainder of Plaintiff's objections misstate, misconstrue, or needlessly take issue with the R&R.

Moreover, Plaintiff contends that the R&R "fails to clearly address Plaintiff's claims or apply any specific or substantive reasoning . . . ." Id. at 5. This is hardly the case; the R&R is thirty-five pages.  Magistrate Judge Trumble carefully analyzed the Plaintiff's claims, applying statutes and case law to Plaintiff's numerous allegations.  This is also demonstrated by Magistrate Judge Trumble's determination that the Plaintiff's claims against Defendant Rudy should proceed.

Indeed, the Defendants object to this portion of the R&R.  Specifically, Defendants aver that the Plaintiff "presents no evidence" to support his assertions that Defendant Rudy sexually assaulted the Plaintiff by "stick[ing] his fingers in Plaintiff's rectum, sometimes causing bleeding."  ECF No. 104 at 2.  Although Defendants refer to Plaintiff's allegations against Defendant Rudy as "conclusory," the Court disagrees. Magistrate Judge Trumble correctly concluded that the Plaintiff's allegations against Defendant Rudy, at this stage of the proceedings, should go forward.

Therefore, upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 102] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. The parties'

4

objections are **OVERRULED**. Accordingly, Defendants' Motion to Dismiss [ECF No. 90] is **GRANTED IN PART** and Plaintiff's Third Amended Complaint is hereby **DISMISSED WITHOUT PREJUDICE** as to Defendants Williams, Moore, Breece, Hornkohl, Whitley, Hayes, O'Cain, North, Guinn, Foisey, Santiago, Mays, Fox, Unknown Warden of Oklahoma City FTC, Unknown Captain of Oklahoma City FTC, Lyon and Stacy for lack of jurisdiction.[1] All remaining Defendants, except Defendant David Rudy, are **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** August 13, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that the R&R's recommendation portion conflicts with the analysis on page 16 regarding dismissal of these Defendants without prejudice. Nonetheless, the Court finds dismissal without prejudice, as explained in the R&R, is appropriate.

5